**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| **Chang Hua Zeng,** ) | **Case No. 2:16-cv-1097-RMG-MGB** |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| **Diane S. Goodstein, as Circuit Court** ) | |
| **Judge for State of South Carolina,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

This is a civil action filed by a *pro se* (non-prisoner) litigant. Plaintiff has paid the full filing fee (DE# 1, $400 receipt number SCX200013360). Under Local Civil Rule 73.02(B)(2) of the United States District Court for the District of South Carolina, pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge. Having carefully reviewed the Complaint, the Magistrate Judge recommends that this case be **dismissed** without prejudice for lack of subject matter jurisdiction, for the following reasons:

**I. Background**

Plaintiff filed this federal Complaint on April 8, 2016. (DE# 1). In such Complaint, Plaintiff indicates that on March 1, 2013, he sued his landlord in state court for breach of contract, fraud, and discrimination. (*Id.* at 3, ¶ III "Statement of Claim"). He proceeded *pro se* (i.e. without the assistance of counsel). Circuit Court Judge Diane S. Goodstein presided over the state case, which went to trial on April 8, 2014. *See Zeng v. Coosaw Partners, LLC*, *et al*, Case No. 2013-CP-18-3687 (C.P. Dorchester Cty. June 6, 2014). Plaintiff alleges that Judge Goodstein "made a very obvious mistake to my case." (*Id.*). Plaintiff indicates he appealed the state court decision to the

Page **1** of **8**

South Carolina Court of Appeals, which affirmed. *See Zeng v. Coosaw Partners, LLC*, 2015 WL 4755833 (S.C. Ct. App. Aug. 12, 2015).

Plaintiff indicates that he "removed" the state case to federal court on May 15, 2015. *See Zeng v. Coosaw Partners LLC*, D.S.C. Case No. 2:15-cv-2023-RMG-MGB (DE# 1, with 339 pages of attachments). Although Plaintiff refers to "removal," this is not accurate. The docket reflects that Plaintiff simply filed a federal lawsuit on such date. In that federal lawsuit, Plaintiff attempted to re-litigate the issues that had been adjudicated in state court. As the same claims had already been adjudicated between the same parties in state court, this Court dismissed the federal suit on the basis of *res judicata*. (*Id*., DE# 38 at 6, "It is apparent from the face of the second amended complaint that Plaintiff's allegations were tried in state court" and that "the parties in that case were identical to the parties in the present case").

Plaintiff has now filed a second lawsuit in federal court. *See Zeng v. Coosaw Partners LLC*, D.S.C. Case No. 2:16-cv-1097-RMG-MGB. In the present Complaint, Plaintiff acknowledges that this Court dismissed his prior federal lawsuit on March 11, 2016 "because I was tried in state court before." (DE# 1 at 5). Plaintiff complains that United States District Judge Gergel "ignore the state's (sic) judge had made a mistake." (*Id*., as in original). For relief, Plaintiff seeks damages from state Circuit Judge Goodstein for her decision in Plaintiff's state case. Plaintiff contends that Judge Goodstein "should be required to compensate for all of the damage caused by her mistake." (DE# 1 at 5). Plaintiff does not seek any injunctive relief.

## II.  **28 U.S.C. § 1915 inapplicable**

Initially, the Magistrate Judge observes that pre-screening under 28 U.S.C. § 1915 is inapplicable in *pro se*, non-prisoner, fee-paid cases (such as the present case). *See Chong Su Yi v. Social Sec. Admin*., 554 F.App'x 247 (4th Cir. 2014) ("Because Yi is neither a prisoner nor

proceeding *in forma pauperis* in district court, the provisions of 28 U.S.C. §§ 1915(e)(2), 1915A (2006), permitting *sua sponte* dismissal of complaints which fail to state a claim are inapplicable," but further observing that "frivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid"); *Bardes v. Magera*, Case No. 2:08–487–PMD–RSC, 2008 WL 2627134 at *8–10 (D.S.C. June 25, 2008) (holding that pre-screening under § 1915 does not apply in *pro se*, non-prisoner, fee-paid cases). Therefore, the Magistrate Judge is not conducting initial review pursuant to 28 U .S.C. § 1915.

### III. Discussion

#### A. Subject Matter Jurisdiction Lacking

However, payment of the full filing fee does not cure a lack of subject matter jurisdiction. *See, e.g., Myers v. McKnight*, Case No. 2:10–-cv-3259–RMG–RSC, 2011 WL 221867 at *7 (D.S.C. Jan.5 2011) (dismissing lawsuit because it concerned matters exclusively within the jurisdiction of the state courts). This Court has the inherent authority to review a Complaint to ensure that subject matter jurisdiction exists. *See, e.g., Davis v. Wilson*, Case No. 9:13–cv-382–GRA-BHH, 2013 WL 1282024, *1 (D.S.C. Mar. 8, 2013), *adopted by,* 2013 WL 1282024 (D.S.C. March 27, 2013), *aff'd by* 539 F.App'x 145 (4th Cir. 2013), *cert. denied,* 134 S.Ct. 940 (2014), *reh'g denied*, 134 S. Ct. 1371 (2014).

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc*., 147 F.3d 347, 352 (4th Cir. 1998). A federal district court may *sua sponte* consider whether a valid basis for its jurisdiction exists and must "dismiss the action if no such ground appears." *Id.* at 352; see also Fed.R.Civ.P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Although the absence

of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir.1999); *and see, e.g., Cuyler v. Dept. of Army*, Case No. 3:14–cv-3228–CMC–SVH, 2014 WL 4635570 (D.S.C. Sept. 15, 2014) (summarily dismissing without issuance of summons).

Fed.R.Civ.P. 8(a)(1) requires that the complaint provide "a short and plain statement of the grounds for the court's jurisdiction." *See Dracos v. Hellenic Lines, Ltd.*, 762 F.2d 348, 350 (4th Cir.), *cert. denied*, 474 U.S. 945 (1985) ("[P]laintiffs must affirmatively plead the jurisdiction of the federal court."). Even liberally construed, the Plaintiff's present Complaint fails to allege facts that would provide any proper basis for subject matter jurisdiction (under either federal question or diversity jurisdiction). The Complaint is therefore subject to summary dismissal. *See, e.g., Brunson v. United States*, Case No. 3:14–cv-2540–JFA–PJG, 2014 WL 4402803 (D.S.C. Sept. 3, 2014) (summarily dismissing complaint because allegations were insufficient to establish subject matter jurisdiction); *Carter v. Ervin*, Case No. 0:14–cv–865–TLW-PJG, 2014 WL 2468351 (D.S.C. June 2, 2014) (summarily dismissing complaint without prejudice for lack of subject matter jurisdiction), *appeal dism'd by* 585 F.App'x 98 (4th Cir. 2014); *Darby v. Cty. of Orangeburg,* Case No. 5:12–cv-2351–CMC–PJG, 2012 WL 4890221 (D.S.C. Sept. 26, 2012), *adopted by,* 2012 WL 4891581 (D.S.C. Oct. 15, 2012) (summarily dismissing fee-paid *pro se* case for lack of subject matter jurisdiction); *Stanfield v. Wigger*, Case No. 2:14–839–PMD, 2015 WL 58077, *3 (D.S.C. Jan.5, 2015) (summarily dismissing fee-paid case filed by a *pro se* litigant) (collecting cases).

The present Complaint does not refer to any federal statute or any specific constitutional rights. Although Plaintiff generally refers to the right to a fair trial, he does not allege any facts that would suggest any cognizable federal claim. Although courts liberally construe *pro se*

pleadings, the Fourth Circuit Court of Appeals has instructed that courts should not "ignore a petitioner's clear failure to allege facts that set forth a cognizable claim." *Wilson*, 699 F.3d at 797.

The facts alleged in the present Complaint do not provide any basis for federal subject matter jurisdiction, nor do they suggest the existence of any cognizable federal issue. *See Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 452–53 (4th Cir. 2012) (holding that complaint's allegations lacked specificity and did not involve any federal controversy) (quoting *Oneida Indian Nation of N.Y. v. Cty. of Oneida*, 414 U.S. 661, 666 (1974)); *Gibson v. Chaplin*, Case No. 3:13-cv-2490-JFA-PJG, 2013 WL 6150782, *1 (D.S.C. Nov. 21, 2013) ("this court does not have subject matter jurisdiction over this case … the allegations contained in the complaint are insufficient to show that the case in one arising under the Constitution, laws, or treaties of the United States").

Plaintiff appears to misunderstand (or is disregarding) the appropriate process for appealing a judicial decision. Plaintiff received a trial in state court. It was his burden to prove his case in the state court. If Plaintiff disagreed with the decision in that case, his remedy was to appeal the decision to the state court of appeals. Plaintiff appealed and lost. Although Plaintiff is apparently still dissatisfied with the appellate decision in his state case, his next step was to apply for certiorari to the United States Supreme Court. He did not do so, and the decision in his state case is now final. As this Court held in D.S.C. Case No. 2:15-cv-2023, Plaintiff's state claims have been fully adjudicated in state court and may not be re-litigated in federal court. Plaintiff may not "appeal" the results of a state court decision in this federal Court. Plaintiff also may not "appeal" the results of a federal district court decision by filing another federal case. If Plaintiff wanted to appeal the decision in a federal district court case, his next step was to timely file an appeal to the Fourth

Circuit Court of Appeals. In fact, Plaintiff did so. See D.S.C. Case No. 2:15-cv-2023 (DE# 42, Notice of Appeal). The present case should be summarily dismissed.

### B. Rooker-Feldman Doctrine

To the extent Plaintiff is attempting to challenge the state court decision here, Plaintiff cannot do so. A "party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court." *Am. Reliable Insurc. Co. v. Stillwell*, 336 F.3d 311, 316 (4th Cir. 2003) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994)). This principle, known as the "Rooker–Feldman doctrine," prohibits a federal district court from considering "issues actually presented to and decided by a state court." *Id.* at 317 (quoting *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997), *cert. denied*, 524 U.S. 945 (1998)).[1] The Rooker–Feldman doctrine is jurisdictional, so it may be raised by the Court *sua sponte*. *Id.* at 316. It "operates principally to preserve the structure of appeals from state courts to the United States Supreme Court under 28 U.S.C. § 1257(a) and to bar any proceeding that would functionally amount to a lateral appeal to a United States district court." *Moore v. City of Asheville, N.C.*, 396 F.3d 385, 392 n.2 (4th Cir.), *cert. denied*, 546 U.S. 819 (2005).

In the present federal suit, Plaintiff demands damages for what he believes is an erroneous decision in state court (as well as an "erroneous" decision of this federal court). Plaintiff has alleged no proper basis for this Court to interfere with the state court decision, nor can he "appeal" this Court's prior decision by filing another federal lawsuit based on the same facts. "[T]he Rooker–Feldman doctrine applies ... when the loser in state court files suit in federal district court

---

[1] See *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476–82 (1983) (federal district court lacks authority to review final determinations of state or local courts because such review can only be conducted by the Supreme Court of the United States under 28 U.S.C. § 1257); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

seeking redress for an injury allegedly caused by the state court's decision itself." *Davani v. Va. Dept. of Transp.*, 434 F.3d 712, 713 (4th Cir. 2006).

Even with liberal construction, the Complaint is subject to dismissal pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction. *See, e.g., Randolph v. Metlife Bank NA*, Case No. 3:13–cv-111–MBS–PJG, 2013 WL 1386346 (D.S.C. March 4, 2013), *adopted by* 2013 WL 1386703 (D.S.C. Apr. 3, 2013) ("the complaint raised no colorable federal question; therefore, the court lacks federal question jurisdiction"). The Fourth Circuit Court of Appeals has held that where a court lacks subject matter jurisdiction over a complaint, "dismissal prior to service of process is permitted." *Chong Su Yi*, 2014 WL 629513 at *1 (affirming dismissal without service in a fee-paid *pro se* case).

### C. Absolute Judicial Immunity

Moreover, Plaintiff may not sue the state judge for rendering a decision he does not like.[2] Judges have absolute immunity from a claim for damages arising out of their judicial actions. *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991) (judges are immune from civil suit for actions taken in their judicial capacity, unless "taken in the complete absence of all jurisdiction."); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his [or her] judicial actions."). Although Plaintiff is displeased with the result of his state lawsuit, Plaintiff cannot recover damages from a state judge based on

---

[2] Plaintiff's attempt to sue a state judge for money damages for a judicial decision is frivolous. The Fourth Circuit Court of Appeals has observed that "frivolous complaints are subject to summary dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid." *Ross v. Baron*, 493 F.App'x 405, 2012 WL 3590914, * 1 (4th Cir. Aug.22, 2012). The United States Supreme Court has explained that a "patently insubstantial complaint may be dismissed … for want of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)." *Neitzke v. Williams*, 490 U.S. 319, 327 n.6 (1989); *see also Hagans v. Lavine*, 415 U.S. 528, 536–537 (1974) (collecting cases and observing that "this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit' "); *Holloway*, 669 F.3d at 452–53 (same).

the performance of the judge's judicial duties. *See, e.g., Faltas v. South Carolina*, 2012 WL 988105 (D.S.C.), *adopted by* 2012 WL 988083 (D.S.C.), *aff'd by* 489 F.App'x 720 (4th Cir. 2012); *Carter*, 2014 WL 2468351 at *5. Judicial immunity is not pierced by allegations of corruption or bad faith, nor will a judge "be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978). Judicial immunity is a protection from suit, not just from ultimate assessment of damages. *Mireless*, 502 U.S. at 11. Plaintiff cannot submit any additional facts through amendment or supplementation of the pleadings now under review that would remove the absolute immunity bar in this suit.

## IV.  Recommendation

Accordingly, the Magistrate Judge recommends that the complaint (DE# 1) be **dismissed** without prejudice, and without issuance and service of process, for lack of subject matter jurisdiction.

**IT IS SO RECOMMENDED.**

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

April 15, 2016
Charleston, South Carolina

Petitioner's attention is directed to the **IMPORTANT NOTICE** on the following page:

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).