IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

RECEIVED
USBC, CLERK, CHARLESTON, SC

2016 MAY -5  P 4: 15

| | |
|---|---|
| Chang Hua Zeng, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| Diane S. Goodstein, *as Circuit Court Judge* | ) |
| *for the State of South Carolina,* | ) |
| | ) |
| Defendants. | ) |

Civil Action No. 2:16-1097-RMG

**ORDER**

This matter is before the Court on the Report and Recommendation of the Magistrate Judge, recommending that the Complaint be summarily dismissed for lack of subject-matter jurisdiction. The Court adopts the Report and Recommendation as the Order of the Court, and additionally enjoins Plaintiff from filing any new actions related to *Zeng v. Coosaw Partners, LLC, et al*, Case No. 2013-CP-18-3687 (C.P. Dorchester Cty. June 6, 2014) during the pendency of the appeal in *Zeng v. Coosaw Partners LLC, et al.*, Civ. No. 2:16-1097 (D.S.C. Mar. 11, 2016), *appeal docketed* No. 16-1320 (4th Cir. Mar. 25, 2016).

## I.    Background

On March 1st, 2013, Plaintiff sued his landlord in state court for breach of contract, fraud, and discrimination. (Compl. 3, ¶ III "Statement of Claim.") He proceeded *pro se*; Circuit Court Judge Diane S. Goodstein presided over the state case, which went to trial on April 8th, 2014; judgment was entered for the landlord. *See Zeng v. Coosaw Partners, LLC, et al*, Case No. 2013-CP-18-3687 (C.P. Dorchester Cty. June 6, 2014) ("*Zeng I*"). Plaintiff alleges that Judge Goodstein "made a very obvious mistake to my case." (Compl. 3, ¶ III.) Plaintiff appealed the state court decision to the South Carolina Court of Appeals, which affirmed. *See Zeng v. Coosaw Partners, LLC*, 2015 WL 4755833 (S.C. Ct. App. Aug. 12, 2015). On May 15th, 2015—during the pendency

of the state court appeal—Plaintiff filed an action in this Court. *See Zeng v. Coosaw Partners LLC*, Civ. No. 2:15-cv-2023-RMG-MGB (D.S.C. Mar. 11, 2016), *appeal docketed* No. 16-1320 (4th Cir. Mar. 25, 2016) ("*Zeng II*"). In that federal action, Plaintiff attempted to re-litigate the issues that had been adjudicated in state court. As the same claims had already been adjudicated between the same parties in state court, this Court dismissed the federal suit because of *res judicata*. Order 6, *Zeng II*, Dkt. No. 38 ("It is apparent from the face of the second amended complaint that Plaintiff's allegations were tried in state court" and that "the parties in that case were identical to the parties in the present case").

Plaintiff filed a timely notice of appeal in *Zeng II*. Notice of Appeal, *Zeng II* (D.S.C. filed Mar. 24, 2015). On April 8th, 2016, Plaintiff filed his *Zeng II* informal opening brief with the Fourth Circuit. Appeal No. 16-1320 (4th Cir.). On that same day, Plaintiff filed this second federal lawsuit. (Dkt. No. 1 ("*Zeng III*").) In the present Complaint, Plaintiff acknowledges that this Court dismissed his prior federal lawsuit on March 11th, 2016 "because I was tried in state court before." (Dkt. No. 1 at 5.) Plaintiff complains that, in the first federal action, the Court "ignore the state's [*sic*] judge had made a mistake." (*Id.* (as in original).) For relief, Plaintiff seeks damages from state Circuit Judge Goodstein for her decision in *Zeng I*: Judge Goodstein "should be required to compensate for all of the damage caused by her mistake." (*Id.*) The Magistrate Judge recommended summary dismissal on April 18th, 2016. On May 2nd, 2016, Plaintiff filed objections to the Report and Recommendation, but those objections raise no arguments not fully addressed by the Magistrate Judge.

## II.    Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo*

determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

When a proper objection is made to a particular issue, "a district court is required to consider all arguments directed to that issue, regardless of whether they were raised before the magistrate." *United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992). However, "[t]he district court's decision whether to consider additional evidence is committed to its discretion, and any refusal will be reviewed for abuse." *Doe v. Chao*, 306 F.3d 170, 183 & n.9 (4th Cir. 2002). "[A]ttempts to introduce new evidence after the magistrate judge has acted are disfavored," though the district court may allow it "when a party offers sufficient reasons for so doing." *Caldwell v. Jackson*, 831 F. Supp. 2d 911, 914 (M.D.N.C. 2010) (listing cases).

## III.   <u>Analysis</u>

For the reasons detailed in the Report and Recommendation, the present *Zeng III* complaint fails to allege any facts that even hint at any cognizable federal claim. (R. & R. 3–6.) There is no basis for federal subject matter jurisdiction in this matter. *Cf. Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 452–53 (4th Cir. 2012) (holding that the complaint's allegations lacked specificity and did not involve any federal controversy) (quoting *Oneida Indian Nation of N.Y. v. County of Oneida*, 414 U.S. 661, 666 (1974)). Further, Plaintiff is barred from using a federal lawsuit as a device by which to appeal a state court decision. A "party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court." *Am. Reliable Ins. Co. v. Stillwell*, 336 F.3d 311, 316 (4th Cir. 2003) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994)). The Court therefore dismisses the complaint for lack of subject matter jurisdiction. *See Stanfield v. Wigger*, Civ. No. 2:14-839-PMD, 2015 WL 58077, at *3 (D.S.C. Jan.5, 2015) (collecting cases). Moreover, even if there were

subject matter jurisdiction, the only named Defendant, Judge Goodstein, has absolute judicial immunity from this suit. *See Mireles v. Waco*, 502 U.S. 9, 11–12 (1991).

Plaintiff is simply disregarding the appellate process. When Plaintiff received an adverse judgment in state court, he filed *Zeng II*—complaining of "error" in the underlying action—while his state court appeal in *Zeng I* was still pending. Now, having received an adverse judgment in *Zeng II* action, Plaintiff again files a new complaint, *Zeng III*, complaining of "error" in *Zeng I* and Zeng II, and he likewise files it while his appeal from in *Zeng II* is pending. Plaintiff fully understood that this Court's decision in *Zeng II* was under appellate review when he filed the present complaint—he filed his *Zeng III* complaint on the same day that he filed his *Zeng II* appellate brief.

The current *Zeng III* action is a vexatious, duplicative filing. Federal courts have the authority to issue prefiling injunctions against vexatious litigants. *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 817 (4th Cir. 2004). Courts, however, "should not in any way limit a litigant's access to the courts absent exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions." *Id.* at 817–18 (internal quotation marks and citation omitted). The factors a district court should consider in deciding whether to issue a prefiling injunction are:(1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions. *Id.* at 818 (citations omitted).

After balancing these factors, the Court finds that a prefiling injunction is warranted. Plaintiff has repeatedly filed duplicative actions relating to the same dispute with his landlord. The

Court finds no good faith basis for Plaintiff's refusal to abide the appellate process. The Court finds that these duplicative filings have placed great burden on the Court. The Magistrate Judge has now entered two Reports and Recommendations—and this Court has entered two Orders— regarding a dispute that was fully adjuciated in state court. As Plaintiff proceeds *pro se*, no adequate alternative sanctions are available. The Court therefore enjoins Plaintiff from filing any new actions related to *Zeng I*. The term of the injunction runs from the date of this Order to the date on which the Fourth Circuit issues its mandate in *Zeng II*. This injunction is narrowly tailored to address only filings related to currently pending appeal only for the period of time during which the appeal is pending.

## IV.    Conclusion

For the foregoing reasons, the Court **DISMISSES WITHOUT PREJUDICE** the Complaint, and **ENJOINS** Plaintiff from initiating any new action in the U.S. District Court for the District of South Carolina related to *Zeng v. Coosaw Partners, LLC, et al*, Case No. 2013-CP-18-3687 (C.P. Dorchester Cty. June 6, 2014), from the date of this Order until the date on which the United States Court of Appeals for the Fourth Circuit issues its mandate in *Zeng v. Coosaw Partners LLC*, Civ. No. 2:15-cv-2023-RMG-MGB (D.S.C. Mar. 11, 2016), *appeal docketed* No. 16-1320 (4th Cir. Mar. 25, 2016).

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

May 5, 2016
Charleston, South Carolina